UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ANGELO BUSWELL, | Case No. 2:19-CV-00211-RFB-EJY |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| WAL-MART STORES, INC., and DOES 1 through 100; and ROE CORPORATIONS 101 through 200, | |
| Defendants. | |

Before the Court is Plaintiff Angelo Buswell's Motion for Sanctions Under FRCP 37(c)(1) Against Defendant Wal-Mart Stores, Inc. (ECF No. 19), Defendant Wal-Mart Stores, Inc.'s Opposition to Plaintiff's Motion for Sanctions and Countermotion for Fees and Costs (ECF No. 23), and Plaintiff's Reply to Opposition to Plaintiff Angelo Buswell's Motion for Sanctions under FRCP 37(c)(1) Against Defendant Wal-Mart Stores, Inc. (EFC No. 25). For the reasons stated below Plaintiff's Motion for Sanctions and Defendant's Countermotion for Fees and Costs are denied.

**DISCUSSION**

I.  Plaintiff's Motion for Sanctions

The United States District Court for the District of Nevada, Local Rule IA 1-3(f) states:

> Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, <u>this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting</u>, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement. [Emphasis added.]

Local Rule IA I-3(f)(2), (3) and (4) respectively state:

> A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.

1

> In addition to any sanction available under the Federal Rules of Civil Procedure, statutes, or case law, the court may impose appropriate sanctions under LR IA 11-8 for a party's failure to comply with the meet-and-confer requirement.
>
> Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion.

In Plaintiff's Motion, Plaintiff refers to one meet and confer that occurred on June 26, 2019, at which Plaintiff told Defendant of Plaintiff's "immediate intention to file a motion seeking sanctions for failure to preserve material evidence." Plaintiff contends that soon thereafter Defendant was able to produce records, which production occurred on July 16, 2019. Plaintiff's single meet and confer does not satisfy the requirements of Local Rule IA 1-3(f) and, for this reason alone, Plaintiff's Motion is denied. Nevertheless, the Court discusses the sanctions sought by Plaintiff under Rule 37.

Pursuant to Fed. R. Civ. P. 37, sanctions may be granted against a party that fails to provide discovery as required by Rule 26(a). Rule 37(c) states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e) ... the court ... may order payment of the reasonable expenses, including attorney's fees, caused by the failure ... [and] may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." The Court has broad discretion regarding the type and degree of discovery sanctions it may impose. *Von Brimer v. Whirlpool Corp.,* 536 F.2d 838, 844 (9th Cir.1976). Rule 37 allows for imposition of any remedy the Court determines is "just." *Societe International Pour Participations Industrielles Et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 207 (1958); *see also Marquis v. Chrysler Corp.,* 577 F.2d 624, 641–642 (9th Cir.1978).

There are situations in which the Court may find that a severe sanction is necessary to prevent some benefit to the sanctioned party. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 639 (1976). However, if sanctions are warranted, the Court determines the appropriate level or severity of sanctions based on the circumstances of the case. Generally, a case dispositive sanction will only be imposed as a last resort. *Henry v. Gill Industries,* 983 F.2d 943, 948 (9th Cir.1993). The Ninth Circuit has constructed a five-part test to determine whether a case dispositive sanction under Rule 37(b)(2) is a just result. This test includes: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice

to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir.2007). While it is not always necessary for the Court to impose less severe sanctions first, or to give any explicit warning that a case dispositive sanction may be imposed (*Valley Engineers Inc. v. Electric Engineering Company,* 158 F.3d 1051, 1057 (9th Cir.1998)), the party being sanctioned must have engaged in willfulness, fault, or bad faith before a case dispositive sanction will be appropriate. *Henry,* 983 F.2d at 947–48 (citing *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir.1990). "[P]ublic policy favoring disposition of cases on their merits strongly counsels against" case-dispositive sanctions. *In re Phynylpropanolamine Products Liability Litigation,* 460 F.3d at 1228 (citation omitted).

Here, even if Plaintiff had met and conferred as required by the Local Rules, there is no basis for issuing a case dispositive sanction. Defendant has not been previously warned and there is no evidence of prior misdeeds in this case. Documents were produced in mid-July *before* Plaintiff made his motion. And, while Plaintiff claims prejudice, Plaintiff never explains to the Court how that prejudice was actually manifested or why it is uncurable. Plaintiff does not state he was denied the opportunity to conduct discovery or is otherwise now blocked from mounting a full case against Defendant because of Defendant's belated discovered. There is also no evidence that Defendant failed to promptly produce what it ultimately (albeit belatedly) discovered. In sum, it appears had the parties cooperated just a bit more, as required by the Rules of *Civil* Procedure, and as anticipated by this Court, the delay in production and the need for a motion for sanctions would have been avoided.

For the same reasons stated above, the Court finds Defendant is not entitled to attorney's fees or costs associated with its countermotion (ECF No. 23). Defendant, a sophisticated, multi-national company, should have been able to locate the information requested by Plaintiff, which was clearly discoverable, without Plaintiff having to provide Defendant with its own claim number. While Defendant apparently made some effort to find the documents ultimately produced in mid-July 2019,

it is true that given the date, time, and location of the events in question, together with a portion of the name of the individual who claims to be injured, Defendant should have been able to locate the file without relying on Plaintiff to provide Defendant its own claim number.

**ORDER**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions (ECF No. 19) is DENIED.

IT IS FURTHER ORDERED that Defendant's Countermotion for Fees and Costs (ECF No. 23) is DENIED.

DATED: October 1, 2019

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE