UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANGELO BUSWELL,<br><br>            Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC.<br><br>            Defendant. | Case No. 2:19-cv-00211-RFB-EJY<br><br>**ORDER** |

**I.    INTRODUCTION**

Before the Court is Defendant's Motion for Summary Judgment. ECF No. 41.

**II.    FACTUAL BACKGROUND**

    **A.  Undisputed Facts**

The Court finds the following facts to be undisputed.

Plaintiff claims that on October 4, 2017, he slipped but did not fall on a substance at Wal-mart Store #2050's self-checkout area. No one witnessed the slip besides his fiancé. Plaintiff testified that he reported the spill to a Wal-mart employee, and the employee cleaned it up.

    **B.  Disputed Facts**

Parties dispute what caused the spill, what the substance was, and how long the substance was there.

//

//

//

### III. PROCEDURAL BACKGROUND

On October 9, 2018, Plaintiff filed the Complaint in the Eighth Judicial District in and for Clark County, District of Nevada under a negligence/premises liability claim. ECF No. 1-1. On February 4, 2019, Defendant removed the matter to District Court. ECF No. 1.

On March 4, 2019, Parties conducted their FRCP 26(f) conference. ECF No. 10. Discovery deadlines were extended twice. ECF No. 15, 18. The expert disclosure deadline was September 2, 2019 and the discovery cut-off date was November 1, 2019. ECF No. 18. Defendant filed this instant Motion for Summary Judgment on December 2, 2019. ECF No. 41.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation and internal quotation marks omitted) (alteration in original).

### V. DISCUSSION

Under Nevada law, a plaintiff must prove four elements to show negligence in a slip-and-fall matter: (1) the defendant owed a duty to the plaintiff to exercise due care; (2) the defendant

breached the duty; (3) the breach was the actual and the proximate cause of the plaintiff's injury; and (4) the plaintiff was damaged. Joynt v. California Hotel & Casino, 835 P.2d 799, 801 (Nev. 1992). "[A] business owner owes its patrons a duty to keep the premises in a reasonably safe condition for use." Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322 (Nev. 1993). A business owner will be liable for breaching its duty to patrons if the business owner, or his or her agents, cause a foreign substance to spill on the floor. Id. But if any other person causes the foreign substance to spill on the floor, the business can only be liable if it had actual or constructive notice of the foreign substance and did not remedy it. Id. at 322–23.

Plaintiff argues that the Defendant cannot show that there is no question of material fact as to what the substance was, its source, or how long it was on the floor. Plaintiff also asserts that Plaintiff had personal knowledge about the situation, and that the Wal-mart employee cleaned the spill which destroyed the opportunity to conclusively identify the substance. Further, Plaintiff claims that Defendant is liable because it knew or should have known incidents of this type are likely to occur in the the self-checkout area and should have posted a more attentive employee to supervise the customers, posted more employees to supervise, or installed non-slip surfaces.

Defendant argues that there is no evidence that shows a genuine dispute as to whether any agent or employee of Wal-mart created or knew of the spill prior to Plaintiff's alleged incident. Defendant offers surveillance video that shows a customer arriving at the self-checkout station where the Plaintiff's alleged incident occurs and lifting a leaking jug of clear liquid out of his cart and onto the self-checkout. Defendant claim that the about 26 seconds later, the video shows Plaintiff arriving to that self-checkout area, and there is insufficient time for Defendant to have constructive notice.

The Court finds that Plaintiff cannot demonstrate a genuine dispute as to whether

Defendant caused a spill or had actual or constructive notice of a spill. Plaintiff lacks evidence necessary to prove his claim. Plaintiff offers no competing evidence to the surveillance video about when the spill occurred, how the spill occurred, how long the spill remained on the floor, or whether Defendant could have been aware of the spill through reasonable diligence. Plaintiff cannot argue for the existence of a disputed fact(s) without offering some evidence to support the existence of dispute. Simply arguing a hypothetical is insufficient. Plaintiff asserts that Defendant knew or should have known hazards of this type is likely in the self-checkout area and should have extra precautions. However, Plaintiff fails to show how the Wal-mart employee who he asserts was at the self-checkout was not reasonably diligent and could have prevented the spill or slip. Plaintiff also does not provide evidence of past spills or falls at that Wal-mart's self-checkout area that would suggest a chronic hazard of which Defendant would be aware. Absent any evidence of causation or notice to create a genuine issue of disputed fact, Plaintiff's negligence claim necessarily fails. See Sprague, 849 P.2d at 323.

**VI.   CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 41) is GRANTED.

DATED: November 17, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**